UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT FRANKLIN,

        Plaintiff,

   v.

KAREN BRUNSON, *et al.*,

        Defendants.

Case No.  C07-5537 RJB/KLS

ORDER TO SHOW CAUSE FOR
FAILURE TO STATE A CLAIM

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff purports to sue Karen Brunson, Counselor Grubb, Julie Smith, and Sgt. D. Ahrens pursuant to 42 U.S.C. § 1983.  However, Plaintiff has failed to allege how all of the individually named Defendants caused or personally participated in causing the harm alleged in the Complaint.  Thus, the Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim.

## I. DISCUSSION

    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

    Plaintiff must also allege facts showing how individually named defendants caused or personally

ORDER
Page - 1

participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Plaintiff names Karen Brunson, Counselor Grubb, Julie Smith, and Sgt. D. Ahrens as Defendants. In his Complaint, Plaintiff states that he notified "prison officials" and Defendant Grubb of the danger of being released into general population. Attached to his Complaint is a copy of a grievance form, which references Karen Brunson, Counselor Grubb and Julie Smith. While this may be sufficient to state a claim under 42 U.S.C. § 1983 against Defendant Grubb, it is not sufficient to state a claim against the remaining named Defendants. Plaintiff must set forth facts describing when and where and by whom he was deprived of a constitutional right. Plaintiff's Complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered.

Accordingly, it is **ORDERED**:

1. Plaintiff shall show cause why this complaint should not be dismissed. A response is due by **December 21, 2007.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the court will enter a report and recommendation that the complaint be dismissed.

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this  20th   day of November, 2007.

Karen L. Strombom
United States Magistrate Judge